IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JERMAINE HAYNES, et al., | No. C-05-2670 MMC |
| Plaintiffs, | **ORDER GRANTING MOTION TO STRIKE OR, IN THE ALTERNATIVE, DISMISS CROSS-COMPLAINT; VACATING HEARING** |
| v. | |
| ANNA'S LINENS, et al., | |
| Defendants / | |

Before the Court is the motion, filed October 5, 2005 by plaintiffs Jermaine Haynes ("Haynes"), Cornelius Clark ("Clark"), Chester Lewis ("Lewis"), David McFarlin II ("McFarlin"), John Ponds ("Ponds"), Garrant Cosey ("Cosey") and cross-defendant Robert B. McInroe ("McInroe"), to strike or, in the alternative, dismiss the "cross-complaint"[1] filed against McInroe by defendant/cross-complainant Anna's Linens, Inc. ("Anna's Linens"). The motion is brought pursuant to Rules 14(a) and 12(b)(6) of the Federal Rules of Civil Procedure, respectively. Anna's Linens has filed opposition,[2] to which plaintiffs and

---

[1] The pleading in question is not a "cross-complaint," which is a claim by one party against another party, see Fed. R. Civ. P. 13(a), but, rather, is a third-party complaint, see Fed. R. Civ. 14(a). The Court, however, will use the terminology employed by Anna's Linens.

[2] Anna's Linens, in contravention of both General Order 45 and the Court's Standing Orders, failed to provide a chambers copy of its opposition. Further, Anna's Linens failed to comply with the Court's order of November 3, 2005, by which the Court ordered Anna's Linens to provide a chambers copy of its opposition. The Court has considered the opposition, and, as discussed below, finds that Anna's Linens has failed to show that its cross-complaint is proper under Rule 14(a). By separate order filed concurrently herewith, Anna's Linens is directed to show cause why sanctions should not be imposed for its failure to comply with the Court's orders.

McInroe have replied. Having considered the papers filed in support of and in opposition to the motion, the Court deems the matter suitable for decision on the papers, VACATES the hearing scheduled for November 18, 2005, and rules as follows.

## BACKGROUND

Plaintiffs are six African American males. Plaintiffs allege that each individual plaintiff applied for employment with Anna's Linens and that each such application was "rejected on the basis of [the plaintiff's] race and gender and/or race plus gender." (See Compl. ¶ 1.) Plaintiffs also allege that "Anna's Linens has a continuing, company-wide policy and/or pattern or practice of discriminatorily denying employment to African American male retail store applicants based on their race and gender and/or race plus gender." (See id.). According to plaintiffs, individual defendant Alan Gladstone, the founder, Chairman, President, Chief Executive Officer and majority owner of Anna's Linens, and individual defendant Carrie Gladstone Bell, the Senior Vice President of Marketing and Merchandising, "have directed Anna's Linens' executives, supervisors, and management employees responsible for hiring retail store employees that they are not to hire African American men for retail store positions." (See id. ¶ 33.)[3] Based on these allegations, plaintiffs, both on their own behalf and on behalf of a class of similarly situated persons, seek relief under 42 U.S.C. § 1981 and section 17200 of the California Business and Professions Code.[4]

Anna's Linens has responded to the complaint by filing an answer and, additionally, a cross-complaint pursuant to Rule 14(a) against McInroe, its former Vice President of Loss Prevention. In its cross-complaint, Anna's Linens alleges that McInroe "misappropriated and converted to his own use confidential files and records belonging to Anna's Linens, including hundreds of employment applications submitted by applicants for employment" and "did not leave behind any copies of those records." (See Cross-Compl. ¶ 10.)

---

[3]Neither individual defendant has, to date, appeared in the instant action.

[4]Additionally, plaintiff Lewis alleges a claim for employment discrimination under section 12940 of the California Government Code.

According to Anna's Linens, McInroe engaged in such conduct "for the purpose of interfering with Anna's Linens' business and causing the company serious harm." (See id. ¶ 11.) Anna's Linens also asserts that as a result of McInroe's alleged "theft" of the applications, Anna's Linens was prevented from "reviewing, considering and acting upon [ ] the employment applications allegedly submitted by the [p]laintiffs." (See id. ¶ 27.) Based on these allegations, Anna's Linens asserts claims against McInroe for breach of fiduciary duty and conversion, and seeks indemnity and contribution.

**DISCUSSION**

Rule 14(a) provides that "a defending party, as a third-party plaintiff, may cause a summons and complaint to be served upon a person not a party to the action who is or may be liable to him for all or part of the plaintiff's claim against him." See Fed. R. Civ. P. 14(a). "Thus, a third-party claim may be asserted only when the third party's liability is in some way dependent on the outcome of the main claim and is secondary or derivative thereto." Stewart v. American Int'l Oil & Gas Co., 845 F. 2d 196, 199 (9th Cir. 1988).

Plaintiffs and McInroe argue that the instant cross-complaint is improper under Rule 14(a) because the causes of action alleged therein against McInroe are not derivative of plaintiffs' employment discrimination claims against Anna's Linens, but, rather, are, at best, a defense to those claims, i.e., a denial of any liability.[5]  The Court agrees.

As the Seventh Circuit has observed, a third-party complaint "presupposes liability on the part of the original defendant which he is attempting to pass on to the third-party defendant." See Parr v. Great Lakes Express Co., 484 F. 2d 767, 769 (7th Cir. 1973) (emphasis added).  Thus, where an original defendant sought to join a third-party on the theory that the third-party, instead of the original defendant, was the cause of the plaintiff's

---

[5]Although the third count of the cross-complaint is in part denominated a claim for "contribution," there are no factual allegations made in support thereof.  In any event, as plaintiffs point out, they seek relief against Anna's Linens for intentional acts of discrimination only, and that there is no right of contribution in favor of a party who intentionally injures a plaintiff, see Cal. Code Civ. Proc. § 875(d), or under the federal statute under which plaintiffs seek relief, see Anderson v. Local Union 3, 751 F. 2d 546, 548-49 (2nd Cir. 1984) (holding no right to contribution exists under 42 U.S.C. § 1981).

harm, the Seventh Circuit succinctly observed, "We do not understand the function or purpose of this count." See id. (affirming district court's dismissal of third-party complaint, where allegations would, if true, be defense to plaintiff's claims).

Here, as noted, plaintiffs allege that Anna's Linens did not hire plaintiffs because Anna's Linens harbored a discriminatory animus. In its cross-complaint, Anna's Linens, in essence, denies any such animus and alleges an entirely different, and non-discriminatory, reason for its failure to offer positions to plaintiffs, specifically, that it was prohibited from even considering plaintiffs' applications because McInroe had, unbeknownst to Anna's Linens, improperly removed the applications from various Anna's Linens stores.[6] Such allegations, if true, would establish a complete defense to plaintiffs' discrimination claims, specifically, that Anna's Linens did not act with an intent to discriminate, see, e.g., Imagineering, Inc. v. Kiewit Pac. Co., 976 F. 2d 1303, 1313 (9th Cir. 1992) (holding "[p]roof of intent to discriminate is necessary to establish a violation of section 1981"); such allegations would not establish a derivative claim against McInroe.

Accordingly, the cross-complaint will be stricken, without prejudice to Anna's Linens' realleging its claims against McInroe in a separate proceeding.

## CONCLUSION

For the reasons stated, plaintiff's motion to strike or dismiss the cross-complaint is hereby GRANTED, and the cross-complaint is hereby STRICKEN, without prejudice.

**IT IS SO ORDERED.**

Dated: November 10, 2005

MAXINE M. CHESNEY
United States District Judge

---

[6]According to plaintiffs, Haynes applied in April 2004 at Anna's Linens' store located in Emeryville, California, (see Compl. ¶ 9), Clark applied in March 2004 at Anna's Linens' store in Pittsburg, California, (see id. ¶ 10), Lewis applied in July 2003 at Anna's Linens' store in Los Angeles, California, (see id. ¶ 11), McFarlin applied in December 2003 at Anna's Linens' store in Culver City, California, (see id. ¶ 12), Ponds applied in Fall 2003 at Anna's Linens' store in Torrance, California, (see id. ¶ 13), and Cosey applied in January 2004 at Anna's Linens' store in Culver City, California, (see id. ¶ 14). Thus, it appears to be Anna's Linens' contention that McInroe misappropriated applications submitted to at least five different stores over a period of at least nine months.